UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TETHRD LLC, | ) |
| PLAINTIFF, | ) Case No. |
| v. | ) Hon. |
| LATITUDE OUTDOORS L.L.C., | ) JURY TRIAL DEMANDED |
| DEFENDANT. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Tethrd LLC ("Tethrd") files this Complaint and demands a jury trial seeking relief for patent infringement by Defendant Latitude Outdoors L.L.C. ("Latitude"), as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

**THE PARTIES**

2. Tethrd is a Delaware limited liability company with its principal place of business located at 2409 Pulaski Hwy, Columbia, TN 38401.

3. Tethrd is a global leader in the saddle-hunting industry. Founded in 2018, Tethrd was the world's first outdoor sporting goods company focused on ultralight elevated hunting.

4. Since the company's inception, Tethrd's mission is to design and engineer the world's best saddle-hunting equipment with a passion for safety, performance, and quality.

5. In the pursuit of the lightest, most versatile, and safest hunting system ever created the founders of Tethrd have devoted years to perfecting the ultimate hunting saddle and bridge rope assembly.

1

6. After countless hours of development and product testing stages, Tethrd finally accomplished its goal of providing the most comfortable and safest hunting saddles on the market today.

7. Tethrd offers a number of products including the Ultralock Saddle, Ultralock SD Saddle, Phantom Saddle, Phantom Elite Saddle, and GRIT Workhorse Saddle.[1]

8. Tethrd's products have received national recognition for their innovative designs. For example, the Phantom Saddle earned the New Product Launch Showcase Award at the 2020 Archery Trade Association Show.

9. Upon information and belief, Latitude is a Michigan limited liability company with its principal place of business located at 1564 Walker Ave NW, Grand Rapids, MI 49504.

10. Latitude is a direct competitor of Tethrd and offers saddle-hunting equipment for sale across the United States through distributors and through its online website.[2]

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, *et seq*.

---

[1] ULTRALOCK SADDLE, https://tethrd.com/products/ultralock-saddle (last visited August 12, 2024); ULTRALOCK SD SADDLE, https://tethrd.com/products/ultralock-sd (last visited August 12, 2024); PHANTOM SADDLE, https://tethrd.com/products/phantom-saddle (last visited August 12, 2024); PHANTOM ELITE SADDLE, https://tethrd.com/products/phantom-elite-saddle (last visited August 12, 2024); GRIT WORKHORSE SADDLE KIT, https://gritgear.com/products/workhorse-saddle (last visited August 12, 2024).
[2] LATITUDE SADDLE HUNTING KITS – COMPLETE HUNTING SYSTEMS, https://www.latitudeoutdoors.com/collections/saddles-and-starter-kits (last visited August 12, 2024).

12. This Court has personal jurisdiction over Latitude because Latitude is a limited liability company organized and existing under the laws of the state of Michigan and residing in Grand Rapids, Michigan. Further, upon information and belief, Latitude regularly conducts business in this judicial district and has committed acts of patent infringement in this judicial district, the state of Michigan, and throughout the United States.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Latitude has a regular and established place of business in this judicial district and, upon information and belief, has committed acts of infringement in this judicial district.

## TETHRD'S U.S. PATENT NO. 11,964,175 B2

14. On April 23, 2024, the United States Patent and Trademark Office duly and legally issued United States Patent No. 11,964,175 B2, entitled "Bridge Rope Assembly" (the "175 Patent"). A true and correct copy of the 175 Patent is attached hereto as Exhibit A.

15. Tethrd owns all right, title, and interest in and to the 175 Patent, including the right to bring suit for past, present, and future patent infringement, and to recover damages for past and ongoing patent infringement.

16. The 175 Patent describes a bridge rope assembly intended to engage both ends of a safety harness (*i.e.*, hunting saddle).

17. The rope bridge described in the 175 Patent is attached to a rope tether wrapped around a tree with a connector.

18. These safety harnesses are typically worn by an individual and secured to trees to prevent the person from falling. The safety harness engages the individual's buttocks and allows them to sit in the saddle with the ability to maneuver around the tree from an elevated position from the ground.

## PRIOR COMMUNICATIONS WITH LATITUDE

19. By letter dated September 5, 2023 (the "2023 Letter"), Tethrd provided Latitude a copy of the United States Patent No. 11,504,556 B2, entitled "Bridge Rope Assembly" (the "556 Patent"). The 2023 Letter informed Latitude that its Method 2 Saddle and Classic 2 Saddle infringe at least one claim of the 556 Patent. A true and correct copy of the 556 Patent and the 2023 Letter are attached hereto as Exhibits B and C, respectively.

20. By letter dated June 3, 2024 (the "2024 Letter"), Tethrd provided Latitude a copy of the 175 Patent and informed Latitude that its Method 2 Saddle infringes at least one claim of the 175 Patent. The 2024 Letter also included a preliminary claim chart for the Method 2 Saddle. A true and correct copy of the 2024 Letter is attached hereto as Exhibit D.

## COUNT I: INFRINGEMENT OF THE 175 PATENT

21. Tethrd realleges and incorporates by reference each of the above paragraphs as though set forth fully herein.

22. Latitude has had actual notice and knowledge of Latitude's infringement prior to the filing of this Complaint.

23. After receiving the 2024 Letter, Latitude launched the Maverick Saddle, which it now offers for sale through its online store.[3]

---

[3] MAVERICK SADDLE, https://www.latitudeoutdoors.com/products/maverick-saddle (last visited August 12, 2024).

24. Latitude has directly infringed and continues to directly infringe one or more claims of the 175 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing the Method 2 Saddle and the Maverick Saddle (collectively, the "Latitude Products") in the United States and this judicial district without authority, in violation of 35 U.S.C. § 271(a).

25. The Latitude Products satisfy each and every element of one or more claims of the 175 Patent.

26. For example, the Latitude Products infringe at least claim 1 of the 175 Patent, either literally or under the doctrine of equivalents, as detailed in the preliminary claim chart attached to the 2024 Letter. *See* Exhibit D.

27. Claim 1 of the 175 Patent recites:

A bridge rope assembly configured to couple together a tree rope to a first bridge loop and a second bridge loop on a harness, the bridge rope assembly including:

> a main body comprising a rope having a first end and a second end, the main body having a splice therein to form an eye loop in the main body, the eye loop being configured to engage the first bridge loop, the main body comprising a first portion including the first end and a second portion including the second end, the first portion extending through the second portion of the main body such that the first end is positioned within the second portion adjacent to the second end; and a friction hitch being positioned on the min[4] body between the second end and the

---

[4] The issued 175 Patent contains a typographical error, whereby "min body" should correctly state "main body." Tethrd is in the process of amending this error with the United States Patent and Trademark Office.

5

eye loop, the friction hitch being configured to engage the second bridge loop, the friction hitch comprising a closed loop.

28. The Latitude Products all include an "adjustable bridge [that] is built from Dyneema (commonly referred to as Amsteel), one of the strongest fibers on the planet."[5]

29. Despite receiving notice of Tethrd's 175 Patent and Latitude's patent infringement in the 2023 Letter and 2024 Letter, Latitude continues to sell the Latitude Products throughout the United States in deliberate disregard of Tethrd's patent rights.

30. Latitude's infringement of the 175 Patent has been willful and deliberate. As discussed above, Latitude intentionally made, sold, and continues to sell the Latitude Products knowing that it includes a rope bridge assembly that infringes the 175 Patent.

31. Tethrd has suffered and is entitled to recover damages as a result of Latitude's infringement of the 175 Patent. Tethrd is entitled to an award of compensatory damages, including reasonable royalties and lost profits for Latitude's infringement of the 175 Patent.

32. Latitude will continue its infringement of one or more claims of the 175 Patent unless enjoined by the Court. Tethrd has been irreparably harmed by Latitude's infringement, and Tethrd will continue to be harmed unless and until the issuance of a permanent injunction against Latitude.

33. Latitude has engaged in egregious infringement behavior with respect to the 175 Patent warranting an award of enhanced damages pursuant to 35 U.S.C. § 284.

---

[5] THE METHOD 2, "FEATURES", https://www.latitudeoutdoors.com/products/the-method-2 (last visited August 12, 2024).

34. Latitude's conduct with respect to the 175 Patent is exceptional and further warrants an award of reasonable attorney fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Tethrd respectfully requests that this Court grant the following relief:

a. A judgment that Latitude has infringed and continues to infringe one or more claims of the 175 Patent;

b. A judgment that Latitude willfully infringed one or more claims of the 175 Patent;

c. An order enjoining Latitude, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing the 175 Patent;

d. A judgment for compensatory damages for Latitude's infringement of the 175 Patent pursuant to 35 U.S.C. §§ 154(d), 284;

e. Prejudgment interest pursuant to 35 U.S.C. § 284;

f. A judgment that Latitude be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

g. A judgment that Latitude be ordered to pay Tethrd's reasonable attorney fees pursuant to 35 U.S.C. § 285;

h. That this Court grant Tethrd such other and additional relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Tethrd respectfully requests a trial by jury on all claims and issues so triable.

Date: August 12, 2024                                    Respectfully submitted,


By: */s/ Scott D. Barnett*

**HONIGMAN LLP**
  Scott D. Barnett (P82673)
  39400 Woodward Ave., Suite 101
  Bloomfield Hills, MI 48304
  Tel:  248-566-8300
  sbarnett@honigman.com

**MORRIS, MANNING & MARTIN, LLP**
  Daniel Huynh (*application for admission forthcoming*)
  Georgia Bar No. 987369
  Eliza del Carmen (*application for admission forthcoming*)
  Georgia Bar No. 111773
  1600 Atlanta Financial Center
  3343 Peachtree Road NE
  Atlanta, Georgia 30326
  Telephone: (404) 233-7000
  Facsimile: (404) 365-9532
  dhuynh@mmmlaw.com
  edelcarmen@mmmlaw.com


  *Attorneys for Plaintiff Tethrd LLC*